Hearing Date: November 18, 2010
Hearing Time: 10:00 a.m.

Jeffrey D. Vanacore
ARENT FOX LLP
1675 Broadway
New York, New York 10019
(212) 484-3900

Attorneys for Manhattan Mini Storage

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

In re:

    Roberta Yafie                          Chapter 13

                                             Case No. 10-10384 (SCC)

                         Debtor.
------------------------------------------------------------------ x

## MANHATTAN MINISTORAGE'S
## OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN

TO THE HONORABLE SHELLY C. CHAPMAN, UNITED STATES BANKRUPTCY
JUDGE, THE DEBTOR, THE CHAPTER 13 TRUSTEE AND THE OFFICE OF THE UNITED
STATES TRUSTEE

Manhattan Ministorage ("MMS"), a secured creditor in this case, hereby objects (the "Objection") to the Confirmation of the Debtor's Chapter 13 Plan (the "Plan"). The basis for the objection is stated below.

1.    The Chapter 13 Plan is not proposed in good faith because:

       The Debtor leases a storage unit located at MMS. The Debtor has refused to include in its Chapter 13 plan payments due both (i) post-petition and (ii) post-confirmation. Monthly occupancy charges accrue at the rate of $306.00 a month. As of October 20, 2010, MMS is owed $2,833.00 post-petition and $659.00 pre-petition. [§ 1325(a)(3)]

2.    Objecting creditor has an allowed secured claim and objects because:

       MMS has not accepted the Plan. [§ 1325(a)(5)(A)]

       The Plan fails to provide for a retention lien securing MMS's claim and the value of the property to be distributed to MMS is less than the allowed amount of MMS's claim. [§ 1325(a)(5)(B)]

Amount of MMS's Claim is $2,833 post-petition, $659 pre-petition and $306 per month after October 20, 2010 for each month until the storage unit is vacated, plus accrued attorneys' fees.

The Debtor has failed to surrender to MMS the property secured by MMS's lien under Section 182 of the New York State Lien Law. [§ 1325(a)(5)(C)]

3. The Debtor has no ability to (i) make the payments proposed by the Plan and (ii) pay expenses she is incurring outside the Plan because her income is not adequate to support her expenses. [§ 1325(a)(6)]

I have unsuccessfully attempted to resolve MMS's objections with the Debtor and her counsel, despite numerous attempts to do so.

I hereby certify that I have mailed a true copy of this Objection to the parties listed on **Exhibit A**.

November 1, 2010                                    ARENT FOX LLP

                                                     /s/ Jeffrey D. Vanacore
                                                    Jeffrey D. Vanacore
                                                    Arent Fox LLP
                                                    1675 Broadway
                                                    New York, New York 10019
                                                    (212) 484-3900

NYC/532067.3

## EXHIBIT A

The Office of the U.S. Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Jeffrey L. Sapir, Chapter 13 and 12 Trustee
399 Knollwood Road
Suite 102
White Plains, NY 10603

Narissa A. Joseph, Esq.
Law Offices of Narissa A. Joseph
277 Broadway
Suite 501
New York, NY 10007

NYC/532067.3